FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 19 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50234 |
| Plaintiff - Appellee, | D.C. No. 2:08-cr-00607-PA |
| v. |  |
| GREGORY BRYAN RUSH, a.k.a. Gregory B. Rush, | MEMORANDUM[*] |
| Defendant - Appellant. |  |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted December 17, 2013[**]

Before:      GOODWIN, WALLACE, and GRABER, Circuit Judges.

Gregory Bryan Rush appeals from the district court's judgment and

challenges the lifetime term of supervised release imposed following his guilty-

plea conviction for possession of child pornography, in violation of 18 U.S.C.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 2252A(a)(5)(B).  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Rush contends that the lifetime term of supervised release is substantively unreasonable and violates the Eighth Amendment's prohibition of cruel and unusual punishment.  The district court did not abuse its discretion in sentencing Rush to a lifetime term of supervision.  *See United States v. Daniels*, 541 F.3d 915, 924 (9th Cir. 2008).  The within-Guidelines term of supervision is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including the seriousness of Rush's offense and his likelihood of reoffending.  *See United States v. Williams*, 636 F.3d 1229, 1234 (9th Cir. 2011); *see also* U.S.S.G. § 5D1.2(b) policy stmt. (recommending the maximum term of supervised release if the offense of conviction is a sex offense).  Moreover, a lifetime term of supervised release is not unconstitutionally disproportionate to the gravity of the offense under the circumstances in this case.  *See Williams*, 636 F.3d at 1232-33.

**AFFIRMED.**

12-50234